RECEIVED
NOV 05 2021
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:20-CR-93 |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| JUSTIN TREANTON, | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, JUSTIN TREANTON, and Defendant's attorney, enter into this Plea Agreement.

## A. CHARGES

1. Subject Offenses. Defendant will plead guilty to Counts One and Four of the Indictment. Count One is Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), 2251(e). Count Four is Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2). Defendant also agrees to forfeiture of property listed in the Indictment.

2. Charges Being Dismissed. If the Court accepts this Plea Agreement, Counts Two and Three of the Indictment will be dismissed at the time of sentencing. The underlying conduct to support Counts Two and Three will be included as relevant conduct. Additionally, Defendant will be responsible for restitution as it pertains to the victims of these dismissed counts.





**B. MAXIMUM PENALTIES**

3. Maximum and Mandatory Minimum Punishment. Defendant understands that the crime to which Defendant is pleading guilty under Count One carries a mandatory minimum sentence of at least 15 years in prison and a maximum sentence of 30 years in prison; a maximum fine of $250,000; and a term of supervised release of at least five years and up to life. Defendant understands that the crime to which Defendant is pleading guilty under Count Four carries a prison sentence of up to 20 years; a maximum fine of $250,000; and a term of supervised release of at least five years and up to life. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count. In addition, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $50,000, under Count One, and $17,000, under Count Four. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that these sentences may be imposed consecutively.

4. Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than three years in prison under Count One and not more than two years in prison under





Count Four, without any credit for time previously served.

5. Detention. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C. NATURE OF THE OFFENSE – FACTUAL BASIS

6. Elements Understood. Defendant understands that to prove the offense alleged under **Count One (Production of Child Pornography)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> *One*, on or about the date alleged in the indictment, the victim was under the age of eighteen;
>
> *Two*, the defendant knowingly used the victim to engage in sexually explicit conduct;
>
> *Three*, the defendant acted with the purpose of producing a visual depiction of such conduct; and
>
> *Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

Defendant further understands that to prove the offense alleged under **Count Four (Possession of Child Pornography),** the Government would be required to prove beyond a reasonable doubt the following elements:

> *One,* the defendant knowingly possessed one or more films, videotapes, or other matter containing a visual depiction;





*Two*, such visual depiction was shipped or transported in interstate or foreign commerce by any means including computer or cellular phone; and

*Three*, the visual depiction involved the use of a minor engaging in sexually explicit conduct.

7. Factual Basis. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a) On or about November 7, 2019, in Scott County, Iowa, in the Southern District of Iowa, the defendant did use minor victim one, a child under the age of 18 to engage in sexually explicit conduct. In doing so, the defendant acted with the purpose of producing a visual depiction of such conduct on his cellular telephone, which was a material that had been mailed, shipped, or transported in interstate commerce.

(b) On or about January 30, 2020, in Scott County, Iowa, in the Southern District of Iowa, the defendant did knowingly possess videos and photographs, which were visual depictions, on his cellular telephone, a material that had been shipped or transported in interstate commerce, and the visual depictions involved the use of minors engaged in sexually explicit conduct.

(c) The defendant's production and possession of child pornography involved minors who had not attained the age of 12.

(d) The defendant's production and possession of child pornography involved the commission of a sexual act or sexual contact.

(e) The defendant's production and possession of child pornography involved the defendant knowingly engaging in distribution of child pornography in exchange for child pornography (i.e. A thing of value).

(f) The defendant's possession of child pornography included the following files:

(i) An image of a nude female toddler hanging upside down. The ankles of the child are tied and the legs are spread open. The nipples/breast of the child have clips on them. The child's right wrist appears to be tied to a wooden bat





handle. The child's mouth was taped. There is an older female, possibly a teenager, on her knees with her underwear and breast bare. The photo does not depict the face of the older female.

(ii) An image of a male toddler, appearing to be approximately five years old. The child's mouth is around an exposed penis. This photo appears to be a still taken from a video found on Treanton's phone.

(iii) A video, which was approximately 1 minute and 30 seconds long, of a female child, who appears to be approximately 5 years old, and an adult man. The adult male forces his penis into the child's mouth—telling her repeatedly to open her mouth. The man's hand is on the back of the child's head and pulls her head closer, pushing his penis further into her mouth. The child can be heard crying, gaging, and attempting to breath. After the girl was released, she sat on a bed and cried for her mother. The man reapproaches the child, grabs her by the hair on the back of her head, and forces his penis into her mouth again.

(g) The defendant's production and possession of child pornography involved the defendant's own minor child.

(h) During the investigation of the offense, the defendant attempted to obstruct justice by soliciting another to destroy evidence material to the investigation, by remotely wiping his cellular telephone.

(i) Defendant used his a red iPhone to commit these offenses.

8. Truthfulness of Factual Basis. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.





9. Waiver of Rule 410 Rights. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis or Attachment A, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D. SENTENCING

11. Sentencing Guidelines. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offenses to which Defendant is pleading guilty;

(b) The fact that the defendant used a minor under the age of 12;

(c) The fact that the defendant's offense conduct involved a sexual act or sexual conduct;

(d) The fact that the defendant distributed child pornography for a thing of value;

(e) The fact that the defendant's offense conduct involved images





which depicted sadistic and masochistic conduct, as well as infants and toddlers;

(f) The fact that the defendant was the parent of minor victim one;

(g) The fact that the defendant attempted to obstruct justice;

(h) The nature and extent of Defendant's criminal history (prior convictions); and

(i) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. Acceptance of Responsibility. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence





Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. Evidence at Sentencing. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. Sentence to be Decided by Judge -- No Promises. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the





Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. No Right to Withdraw Plea. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E. FINES, COSTS, FORFEITURE, AND RESTITUTION**

18. Forfeiture. Defendant agrees to forfeiture any right he may have in the property identified in the Indictment, including a red iPhone and black ZTE cell phone. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19. Waivers Regarding Forfeiture. Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea





Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20. Consent to Judgment of Forfeiture. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 per count at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

23. Restitution. Defendant agrees that the Court should impose an order





of restitution for all relevant conduct (including the dismissed counts) in an amount to be determined by the Court. Defendant agrees that the Court shall order restitution for the full amount of each victim's losses, which is no less than $3,000 per victim; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

**F. LIMITED SCOPE OF AGREEMENT**

24. Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25. Agreement Limited to Southern District of Iowa. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.





26. Sex Offender Registry. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.





## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27. Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

(a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28. Limited Waiver of Appeal and Post-Conviction Review. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges, or to the Court's entry of judgment against Defendant; except that both Defendant and the Government preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law, and pursuant to Federal Rule of Criminal Procedure 11(a)(2), Defendant





preserves the right to appeal the Court's denial of Defendant's motion to suppress entered on June 28, 2021 (Court's Docket No. 42).[1] Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29. Voluntariness of Plea. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

---

[1] If Defendant prevails on appeal, Defendant would then be permitted to withdraw Defendant's plea of guilty. The parties jointly seek consent of the Court to preserve this matter for appellate review. If the defendant prevails on appeal, the government agrees it will not seek to enforce the Rule 410 waiver (described above in paragraph 9).



JLT 11-4-21

30. Consultation with Attorney. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

31. Entire Agreement. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be in writing and signed by all parties.

32. Public Interest. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33. Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

34. Consent to Proceed by Video Conferencing. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted





by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

**J. SIGNATURES**

35. Defendant. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

11-4-21
Date

Justin Treanton

36. Defendant's Attorney. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

11/4/21
Date

Jack Dusthimer
Attorney for Justin Treanton
1503 Brady Street
Davenport, Iowa 52803
Telephone: (563) 326-8344
E-Mail:jdusthimer@yahoo.com

37. United States. The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
Acting United States Attorney

11/5/21
Date

By:

Andrea L. Glasgow
Assistant U.S. Attorney
131 East Fourth Street
Davenport, Iowa 52801
Telephone: (563) 449-5440
Telefax: (563) 449-5433
E-mail: andrea.glasgow@usdoj.gov



JRT 11.4.21