IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 3:20-cr-93 |
| v. | ) |
| | ) BRIEF IN SUPPORT OF |
| JUSTIN TREANTON, | ) STATEMENT AT SENTENCING |
| | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through Assistant United States Attorney Andrea L. Glasgow and hereby offers its brief in support of the statement of the father of minor victim #2 at sentencing.

## I. FACTS

On September 9, 2020, the defendant was charged in the Southern District of Iowa with Production of Child Pornography, on or about November 7, 2019 (COUNT ONE); Production of Child Pornography, on or about January 21, 2020 (COUNT TWO); Receiving and Distributing Child Pornography, from on or about January 7, 2015, through January 2020 (COUNT THREE); and Possession of Child Pornography, on or about January 30, 2020 (COUNT FOUR). (PSR ¶ 1.) The defendant pled guilty to Counts One (Production of Child Pornography) and Four (Possession of Child Pornography). (PSR ¶ 2.) As a part of the plea agreement, the defendant acknowledge and agreed that the conduct underlying Counts Two and Three would be included as relevant conduct. (DCD 53, ¶ 2.) Paragraph 106 of the PSR discusses that "[o]n December 19, 2016, the defendant was founded by Iowa DHS for Denial of Critical Care and placed on the child abuse registry for the finding of

Sexual Abuse Second Degree. . . [I]t was found that the defendant was the person responsible for committing a sex act with [minor victim #2]. It was reported that the defendant had touched [minor victim #2's] privates with his hand. The defendant also put his penis in [minor victim #2's] rectum and made [minor victim #2] touch his penis with his hands and mouth. At the time of this incident [minor victim #2] was under the age of 12." (PSR ¶ 106.)

The father of minor victim #2 has requested to be allowed to make a statement at the defendant's sentencing in this matter.

The government acknowledges that neither minor victim #2, nor his/her father, is not a "crime victim," as that term is defined in Title 18, United States Code, Section 3771(e)(2). However, the finding of sexual abuse of minor victim #2 took place during the timeframe charged in Count Two, is factually similar to the circumstances underlying these federal charges, and is relevant to sentencing as "information concerning the background, character, and conduct of a person convicted of an offense" under Title 18, United States Code, Section 3661.

## II. LAW

Title 18, United States Code Section 3771 codified the Crime Victims' Rights Act. 18 U.S.C. §3771. Section 3771(e)(2) defines a "crime victim" for purposes of the Act as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. §3771(e)(2)(A). The section goes on to say that "[i]n the case of a crime victim who is under 18 years of age . . . the legal guardians of the crime victim . . . may assume the crime victim's

rights under this chapter." 18 U.S.C. §3771(e)(2)(B). The government does not allege that either minor victim #2, or his/her father, are "crime victims" of this federal offense for the purposes of consideration under the Crime Victims' Rights Act.

However, it is not just crime victims that are allowed to speak at sentencing. *See* 18 U.S.C. § 3661. Title 18, United States Code, Section 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

The Eighth Circuit has specifically affirmed allowing "victims" of other crimes of the defendant to speak at sentencing. *See United States v. Straw*, 616 F.3d 737, 741 (8th Cir. 2010). In *Straw* the Eighth Circuit stated the following:

> Straw argues his cousin should not have been permitted to testify because she is not a "crime victim" entitled to a right to be heard at public proceedings under the Crime Victim's Rights Act. 18 U.S.C. § 3771(e). This provision defines a "crime victim" as "a person directly and proximately harmed as the result of the commission of a federal offense." *Id.* Even though 18 U.S.C. § 3771(a) grants a crime victim the right to be heard at public proceedings, the statute does not operate to *exclude* others from being heard at such proceedings. Congress has provided that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Furthermore, in sentencing, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, *or the source from which it may come*...." *United States v. M.R.M.,* 513 F.3d 866, 870 (8th Cir.2008) (quoting *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)) (emphasis added).

*Straw* at 741.

## III. ANALYSIS

Given Title 18, United States Code, Section 3661, and *Straw*, minor victim #2's father should be allowed to make a statement at sentencing. The Court is already aware of the finding of sexual abuse against [minor victim #2] from paragraph 106 of the PSR. Furthermore, the abuse of minor victim #2, by a caretaker, is strikingly similar to the conduct underlying Count One, and the timeframe is overlapping with the relevant conduct here.[1] Ultimately, as with all information at sentencing, it is up to the Court what weight, if any, to give information at sentencing, but minor victim #2's father—who has been victimized by the defendant, during the timeframe of relevant conduct, and in a way that is correlated to the conduct of conviction—to have an opportunity to address the Court and the defendant.

Respectfully submitted,

Richard Westphal
Acting United States Attorney

By:   /s/ *Andrea Glasgow*
Andrea L. Glasgow
Assistant U.S. Attorney
United States Attorney's Office
131 East 4th Street
Davenport, IA 52801
Office: (563) 449-5440
Cell: (563) 449-5433
E-mail: AGlasgow@usdoj.gov

CERTIFICATE OF SERVICE

---

[1] The Eighth Circuit has recognized the correlation between the crime of child enticement/molestation and possession of child pornography. *See United States v. Colbert*, 605 F.3d 573, 577 (8th Cir. 2010).

I hereby certify that on February 28, 2022, I electronically filed the foregoing with the     Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:     x   ECF/Electronic filing

UNITED STATES ATTORNEY

By: /s/  *Andrea L. Glasgow*
       Assistant United States Attorney